ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
LEWIS R. WARREN, ESQ., State Bar 115411
100 Stony Point Road, Suite 200
P.O. Box 1566
Santa Rosa, CA 95402-1566
(707) 542-5050
(707) 542-2589 Fax
Attorneys for Defendants, INDERJIT KALIA and JOY MUKHERJI

SIDNEY J. COHEN PROFESSIONAL CORPORATION
SIDNEY J. COHEN, ESQ., State Bar 39023
427 Grand Avenue
Oakland, CA 94610
(510) 893-6682
(510) 893-9450 Fax
Attorney for Plaintiff, HOLLYNN DELIL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN DELIL<br><br>    Plaintiff,<br><br>  v.<br><br>LOS ROBLES LODGE; LOS ROBLES RESTAURANT; INDERJIT KALIA; JOY MUKHERJI; CHOICE HOTELS INTERNATIONAL, INC.; and DOES 1-25, inclusive,<br><br>    Defendants. | Case No. C 04-3660 BZ<br><u>Civil Rights</u><br><br>**STIPULATION SETTING ASIDE DEFAULT, AGREEING ON SETTLEMENT PROCESS, AND PERMITTING PLAINTIFF TO AMEND HER COMPLAINT, AND ORDER THEREON** |

    WHEREAS, Plaintiff had entered the default of, among others, Defendants, Inderjit Kalia and Joy Mukherji (the "Defendants") and had scheduled for hearing with the Court on September 21, 2005, her Motion for Default Judgment;

    WHEREAS, the parties through stipulation of counsel continued the foregoing hearing to October 12, 2005;

    WHEREAS, Defendants claim that because, among other reasons, service was defective, default should be set aside, and have requested that the default be set aside, and that they be permitted to appear through counsel Lewis Warren, of Abbey, Weitzenberg, Warren & Emery, in the within action to file a responsive pleading;

1

WHEREAS, Plaintiff claims that service was properly made, but to permit the case to be resolved on the merits and to avoid the expenditure of time and resources that will likely occur in the event that the issues relating to the effectiveness of service need to be adjudicated, Plaintiff is agreeable to setting aside the default subject to the following conditions;

WHEREAS, Defendants are agreeable to the following conditions in consideration for Plaintiff's agreement to set aside the default.

NOW THEREFORE, in consideration of the foregoing recitals and the terms and provisions contained herein, the parties hereby stipulate through their counsel as follows:

1. The default, presently entered in the within action, shall be set aside. Counsel for Plaintiff shall serve on counsel for Defendants, by regular mail and/or facsimile, any and all pleadings to which a response is required, and service shall be deemed complete and effective upon the date of transmission. Defendants shall be required to respond within 20 days to any such pleadings served by facsimile, and within 25 days to any such pleadings served by regular mail. In the event a response is not timely served to Plaintiff's first amended complaint, as provided above, Defendants shall be deemed to have waived any further objection or defense to Plaintiff's right to apply for and obtain a default judgment.

2. Plaintiff claims that she has conducted a preliminary site inspection of certain portions of the property and its facilities which is the subject of this lawsuit (the "Subject Property") and has made findings with respect to certain of the alleged barriers to access at the Subject Property. Plaintiff further asserts that she requires access to all areas of the Subject Property in order to conduct a thorough site inspection and make further findings with respect to any and all alleged barriers to access at the Subject Property in order to ascertain the scope of work which she asserts is required to bring the Subject Property into compliance with federal and state disabled access laws and regulations. Defendants agree to provide Plaintiff's consultant (without legal counsel) access to all areas of the Subject Property for a site inspection within 15 days from the date of execution of this Stipulation, with the further understanding that Defendants' consultant (without legal counsel) shall be permitted to accompany Plaintiff's consultant. Plaintiff represents that her consultant shall prepare a set of findings setting forth Plaintiff's position with respect to

barriers to access and the scope of work which Plaintiff asserts is required to bring the Subject Property into compliance with federal and state disabled access laws and regulations, and will provide Defendants' counsel with a copy of said findings.

3. Within 30 days of receipt of Plaintiff's findings, Defendants' counsel shall respond in writing as to (1) which of the findings, if any, Defendants agree to perform, (2) which of the findings, if any, Defendants do not agree to perform (hereafter the "Open Items"), and (3) the reasons for not agreeing to perform modifications with respect to the Open Items. The parties thereafter will meet and confer in an attempt to reach agreement on the Open Items, to agree on a time frame for the performance of the work which Defendants agree to perform in order to comply with federal and state disabled access laws and regulations, and to resolve any and all remaining injunctive relief aspects of the instant action. With respect to modifications to the Subject Property within Plaintiff's findings that Defendants agree to perform, and any modifications that Defendants in fact perform without an agreement, Plaintiff and Defendants agree to and shall execute a consent decree and order or settlement agreement enforceable by the Court in mutually acceptable form. As an alternative, Defendants may close the Subject Property to the public and cease to operate the Subject Property and facilities as a "public accommodation." Defendants agree that, in the event they close the Subject Property to the public, they agree to enter into a consent decree and order or settlement agreement enforceable by the Court in mutually acceptable form.

4. If the injunctive relief issues are resolved by consent decree and order or settlement agreement enforceable by the Court, or if the Subject Property and its facilities are closed to the public and are no longer a public accommodation, the parties will then meet and confer in an effort to settle the damages and attorneys' fees, litigation expenses and cost aspects of the lawsuit. Any such matters that are so settled shall be the subject of a consent decree and order or settlement agreement enforceable by the Court.

5. Defendants, through their counsel, hereby further stipulate to an order granting leave to Plaintiff to file a second amended complaint for the purpose of adding McHugh Properties, LLC, as a defendant in the within action, and alleging facts that have been discovered subsequent to the filing of the original and first amended complaints, and within 60 days of the date of this

Stipulation.

6. This Stipulation may be signed in counterpart and a facsimile signature shall be valid and binding as if it were an original.

WHEREFORE, Plaintiff and Defendants above-named, and each of them, by and through their attorneys of record, so stipulate.

Dated:   October 6, 2005          ABBEY, WEITZENBERG,
                                  WARREN & EMERY, P.C.
                                       /s/ Lewis R. Warren
                                  By _____
                                    Lewis R. Warren
                                    Attorneys for Defendants Inderjit Kalia and
                                    Joy Mukherji

Dated:   October 6, 2005          SIDNEY J. COHEN PROFESSIONAL CORP.
                                       /s/ Sidney J. Cohen
                                  By _____
                                    Sidney Cohen
                                    Attorney for Plaintiff

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

The parties, through their counsel, having stipulated thereto, and GOOD CAUSE APPEARING THEREFOR, the Court hereby makes the following order:

1. The default entered against Defendants in the within action shall be, and hereby is, set aside.

2. Counsel for Plaintiff shall be permitted to serve on counsel for Defendants, by regular mail and/or facsimile, any and all pleadings to which a response is required, and service shall be deemed complete and effective upon the date of transmission. Defendants shall have 20 days to respond to any such pleading served by facsimile, and 25 days to any such pleadings served by regular mail. In the event a response is not timely served to Plaintiff's First Amended

1  Complaint, as provided above, Defendants shall be deemed to have waived any further objection or
2  defense to Plaintiff's right to apply for and obtain a default judgment.

3      3.    All other terms and conditions of the foregoing stipulation are hereby ordered.

Dated: October 11, 2005

_____
BERNARD ZIMMERMAN
United States Magistrate Judge

**ABBEY, WEITZENBERG, WARREN & EMERY, P.C.**
P.O. BOX 1566
Santa Rosa, CA 95402
(707) 542-5050