RECEIVED

APR 21 PM 12:59  15

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN DELIL<br><br>Plaintiff,<br><br>v.<br><br>LOS ROBLES LODGE; LOS ROBLES RESTAURANT; INDERJIT KALIA; JOY MUKHERJI; LOS ROBLES SHOPPING CENTER, LLC; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No. C 04-3660 BZ<br><br>Civil Rights<br><br>[PROPOSED]<br>CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF ONLY |

1. **Summary of Plaintiff's Allegations**. Plaintiff filed this action against the above-named Defendants to enforce provisions of Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. 12101 et seq., California Government Code Section 4450, California Health and Safety Code Section 19955 et seq., California Civil Code Sections 51, 54 and 54.1 and California Code of Regulations, Title 24. Plaintiff alleges that she is a physically disabled person within the meaning of both State and Federal civil rights laws and statutes and alleges that she is required to use wheelchairs for mobility. Plaintiff alleges that this case involves the denial of parking, path of travel, lobby, public restrooms, bar, seating, counters, guest rooms, meeting rooms, restaurant, fitness center, pool, spa and related facilities to Plaintiff and other disabled persons at the Los Robles Lodge and Los Robles Restaurant, 1985 Cleveland Avenue, Santa Rosa, CA 95401 (hereafter the "Lodge" and the "Restaurant"). Plaintiff alleges that she was denied her rights to full and equal access at the Lodge and Restaurant and was denied civil rights under both

-1-

California law and Federal law. Plaintiff alleges that she was denied her rights to full and equal access of the Lodge and Restaurant because they allegedly were not, and are not now, properly accessible to physically disabled persons, such as Plaintiff, who use wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry and proper accessible facilities. Plaintiff also seeks recovery of damages for her alleged personal/physical injuries and discriminatory experiences as a result of Defendants' failure and refusal to provide accessible facilities, and seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

2.  **Defendants' Denials and No Admission of Liability**. Defendants Inderjit Kalia and Joy Mukherji (hereinafter, "Defendants") deny Plaintiff's allegations and, by entering into this Consent Decree and Order, in no way admit to any liability, whatsoever. In this regard, the parties enter into this Consent Decree and Order to amicably resolve certain aspects of the lawsuit without the need for further protracted litigation and to resolve certain allegations raised in the Complaint on file herein. The parties agree that resolution of these matters without further litigation is in the public interest and that entry of this Order is an appropriate means of resolving these matters. Accordingly, they agree to the entry of this Order with respect to the matters covered herein without trial or further adjudication of any issues of fact or law.

3.  **Jurisdiction and Venue**. Plaintiff alleges that this Court has jurisdiction over the public accommodations named in this action pursuant to 28 USC 1331 for alleged violations of the Americans With Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to pendant jurisdiction, Plaintiff has also alleged attendant and related causes of action, arising from the same facts, seeking relief under California law, including, but not limited to, violations of California Government Code Section 4450, Health and Safety Code Sections 19955 et seq.,

-2-

1  including 19959, California Code of Regulations, Title 24, and California Civil Code Sections 51,

2  54 and 54.1.

3  Under the doctrine of supplemental jurisdiction, Plaintiff alleges that this Court has

4  jurisdiction over Plaintiff's claims arising under California state law. Assuming this Court has

5

6  jurisdiction over the instant matter, venue is proper in the Northern District of California, the

7  judicial district in which the claims have arisen, pursuant to 28 U.S.C. section 1391(b).

8  WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent

9  Order which provides as follows:

10  4.   **Settlement of Injunctive Relief Aspects of Ongoing Litigation**. This Consent

11  Decree and Order shall be a full, complete and final disposition and settlement of all of Plaintiff's

12
   claims with respect to injunctive relief that have arisen out of the Complaint.
13

14  5.   **Injunctive Relief**. Defendants agree and stipulate to perform the tasks and

15  injunctive relief work set forth in Exhibit A hereto, which exhibit is incorporated by reference

16  herein as if set forth in full, in accord with the standards and specifications of ADAAG and Title

17  24-2 of the California Code of Regulations. Defendants shall perform said tasks and perform all

18  such injunctive relief work within the time frames set forth in Exhibit A.

19
    6.   **Notice, Reporting and Monitoring Requirements**. Within five (5) days of the
20
    completion of the tasks and work set forth in this Consent Decree and Order, including its
21
22  exhibits, Defendants shall provide Plaintiff's attorney with written notice that Defendants have

23  fully completed such task and work.

24  7.   **Mutual Release and Waiver of Civil Code Section 1542**. Except for all

25  obligations required in this Consent Decree and Order and its exhibits, each of the parties to this

26  Consent Decree, on behalf of each, their respective agents, representatives, predecessors,
27
    successors, heirs, partners and assigns, releases and forever discharges each other party and all
28

-3-

officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, damages, actions and causes of action of whatever kind or nature, presently known or unknown, with respect to the injunctive relief aspects of the lawsuit.

Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the injunctive relief aspects of the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the injunctive relief aspects of the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the injunctive relief aspects of the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

8. **Entire Consent Decree and Order**. This Consent Decree and Order and its exhibits constitute the entire agreement on the matters raised herein, and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the

parties, that is not contained in this written Consent Decree and Order and exhibits, shall be enforceable regarding the matters raised herein.

9. **Public Document**. This Consent Decree and Order is a public document. A copy of this document, and any information contained herein, may be made available to any person.

10. **Consent Decree and Order Binding On Parties**. This Consent Decree and Order shall be binding on Plaintiff and Defendants in this action and any successor in interest to Plaintiff and Defendants. Each party shall notify each such successor in interest of the existence and terms of this Consent Decree and Order.

11. **Court Retention of Jurisdiction and Term of the Consent Decree and Order**. This Consent Decree and Order shall be in full force and effect, and this Court shall retain jurisdiction of this action to enforce the provisions thereof until November 15, 2006, or until the parties agree in writing that Defendants have fulfilled all of their obligations under the Consent Decree and Order, or until such time as the property ceases to be used as a public accommodation, whichever period is shorter.

12. **Severability**. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the remaining terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

13. **Damages and Attorney's Fees, Litigation Expenses, and Costs Not a Part of This Consent Decree and Order**. The damages and attorney's fees, litigation expenses and cost aspects of this lawsuit are not a part of the Consent Decree and Order and are the subject of continuing litigation in this action.

14. **Reservation of Rights**. Notwithstanding anything to the contrary in the foregoing, each of the parties hereto reserves any and all of the rights which such party otherwise

-5-

has, and which has not been specifically released or waived. In this regard, Defendants contend that such rights include, but are not limited to, the right to challenge standing and/or jurisdiction.

15. **Counterparts and Facsimile Signatures**. This Consent Decree and Order may be signed in counterparts by the parties and shall be valid and binding on each party as if fully executed all on one copy, and facsimile transmitted signatures shall be as valid and binding as originals.

16. **Signatories Bind Parties**. Each signatory on behalf of each party represents that he or she is authorized to bind each such party to this Consent Decree and Order.

Date: 4/19/06

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By _____
Sidney J. Cohen, Esq.
Attorneys for Plaintiff

Dated: 4/19/06

ABBEY, WEITZENBERG,
WARREN & EMERY, P.C.

By _____
Lewis R. Warren
Attorneys for Defendants,
Inderjit Kalia and Joy Mukherji

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Date: 24 Apr 06

_____
Bernard Zimmerman
UNITED STATES MAGISTRATE JUDGE

-6-

# EXHIBIT "A"

Without conceding that any of the alleged violations cited therein constitute violations of state or federal law, Defendants Inderjit Kalia and Joy Mukherji hereby agree to address the alleged violations in that certain Survey, Report and Recommendations of Margen & Associates, dated November 16, 2005, a copy of which is attached hereto and incorporated herein by this reference.

The following work will be substantially completed by April 30; any punch list items, and/or follow up work will be completed by May 10, 2006. The hotel will cease operations on the subject property by April 30, 2006. The remainder of the operations on the subject property will cease by August 1, 2006. Notwithstanding anything to the contrary in the foregoing sentence, if the subject property reopens as a public accommodation it shall comply with all applicable state and federal access laws and regulations.

**1. Parking**
1.1  Defendants will correct this alleged violation.
1.2  This issue is moot in light of Defendants' decision to close the hotel.
1.3  This issue is moot in light of Defendants' decision to close the hotel.
1.4  This issue is moot in light of Defendants' decision to close the hotel.
1.5  This issue is moot in light of Defendants' decision to close the hotel.
1.6  Defendants will correct this alleged violation.
1.7  Defendants will correct this alleged violation.
1.8  Defendants will correct this alleged violation.
1.9  Defendants will correct this alleged violation.
1.10 Defendants will correct this alleged violation.
1.11 Defendants will correct this alleged violation.
1.12 Defendants will correct this alleged violation.
1.13 Defendants will correct this alleged violation.
1.14 Defendants will correct this alleged violation.
1.15 Defendants will correct this alleged violation.
1.16 Defendants will correct this alleged violation.
1.17 Defendants will correct this alleged violation.
1.18 Defendants will correct this alleged violation.

**2. Accessible Routes**
2.1  This issue is moot in light of Defendants' decision to close the hotel.
2.2  This issue is moot in light of Defendants' decision to close the hotel.
2.3  This issue is moot in light of Defendants' decision to close the hotel.
2.4  This issue is moot in light of Defendants' decision to close the hotel.
2.5  This issue is moot in light of Defendants' decision to close the hotel.
2.6  Defendants will correct this alleged violation.
2.7  This issue is moot in light of Defendants' decision to close the hotel.

**3. Lobby**

| | |
|---|---|
| 3.2 | Defendants will correct this alleged violation. |
| 3.3 | Defendants will correct this alleged violation. |
| 3.4 | Defendants will correct this alleged violation. |
| 3.5 | Defendants will correct this alleged violation. |
| 3.6 | This issue is moot in light of Defendants' decision to close the hotel. |
| 3.7 | Defendants will correct this alleged violation. |
| 3.8 | Defendants will correct this alleged violation. |
| 3.9 | Defendants will correct this alleged violation. |
| 3.10 | Defendants will correct this alleged violation. |
| 3.11 | This issue is moot in light of Defendants' decision to close the hotel. |
| 3.12 | Defendants will correct this alleged violation. |
| 3.13 | Defendants will correct this alleged violation. |
| 3.14 | Defendants will correct this alleged violation. |
| 3.15 | Defendants will correct this alleged violation. |
| 3.16 | Defendants will correct this alleged violation. |
| 3.17 | Defendants will correct this alleged violation. |
| 3.18 | Defendants will correct this alleged violation. |
| 3.19 | Defendants will correct this alleged violation. |
| 3.20 | Defendants will correct this alleged violation. |
| 3.21 | Defendants will correct this alleged violation. |
| 3.22 | Defendants will correct this alleged violation. |
| 3.23 | Defendants will correct this alleged violation. |
| 3.25 | Defendants will correct this alleged violation. |
| 3.26 | Defendants will correct this alleged violation. |
| 3.27 | Defendants will do their best to effectuate the additional one and one-half inches of clearance. If it is not possible without incurring substantial expense, an issue is raised as to whether, as a barrier removal item, for a very relatively short period of time, a major structural change involving substantial expense would be required under applicable law. |
| 3.28 | Defendants will correct this alleged violation. |
| 3.29 | Defendants will correct this alleged violation. |
| 3.30 | Defendants will correct this alleged violation. |
| 3.32 | Defendants will correct this alleged violation. |
| 3.33 | Defendants will correct this alleged violation. |
| 3.34 | Defendants will correct this alleged violation. |
| 3.35 | Defendants will correct this alleged violation. |
| 3.36 | Defendants will correct this alleged violation. |
| 3.37 | Defendants will correct this alleged violation. |
| 3.38 | Defendants will correct this alleged violation. |
| 3.39 | Defendants will correct this alleged violation. |
| 3.40 | Defendants will correct this alleged violation. |
| 3.41 | Defendants will correct this alleged violation. |
| 3.42 | Defendants will correct this alleged violation. |
| 3.43 | Defendants will correct this alleged violation. |
| 3.44 | Defendants will correct this alleged violation. |
| 3.45 | Defendants will correct this alleged violation. |
| 3.46 | Defendants will correct this alleged violation. |
| 3.47 | Defendants will correct this alleged violation. |
| 3.48 | Defendants will correct this alleged violation. |
| 3.49 | Defendants will correct this alleged violation. |
| 3.50 | Defendants will correct this alleged violation. |
| 3.51 | Defendants will correct this alleged violation. |
| 3.53 | Defendants will correct this alleged violation. |

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile: (707) 542-2589

### 4. Bar
4.1   Defendants will correct this alleged violation.
4.2   Defendants will correct this alleged violation.

### 5. Meeting Rooms
5.1   Defendants will correct this alleged violation.
5.2   These doors will be locked open whenever this banquet room is being used.
5.3   Defendants will correct this alleged violation.
5.4   Defendants will correct this alleged violation.
5.5   Defendants will correct this alleged violation.
5.6   Defendants will correct this alleged violation.
5.7   Defendants will correct this alleged violation.
5.8   These doors will be locked open whenever this banquet room is being used.
5.9   Defendants will correct this alleged violation.
5.10  Defendants will correct this alleged violation.

### 6. Coffee Shop
6.1   Defendants will correct this alleged violation.
6.2   Defendants will correct this alleged violation.
6.3:  Defendants will correct this alleged violation.
6.4   Defendants will correct this alleged violation.
6.5   Defendants will post signage directing persons with disabilities to the lobby restrooms, and will provide an interior route from the restaurant to the accessible lobby restrooms.
6.6   Defendants will correct this alleged violation.

### 7. Pool/Spa
All items are moot in light of Defendants' decision to close the hotel.

### 8. Fitness Center/Laundry Room
All items are moot in light of Defendants' decision to close the hotel.

### 9. Guest Rooms
All items are moot in light of Defendants' decision to close the hotel.